In re Thomas Mathias STALF, d/b/a Takbe, Inc., d/b/a Irish House, Inc., d/b/a Coffee Grind Café, Kathleen Ann Stalf, d/b/a Takbe, Inc., d/b/a Irish House, Inc., d/b/a Coffee Grind Café, a/k/a Amy E. Felske Estate & Trust, Trustee, Debtors.

Bankruptcy No. 00–20005–172.

United States Bankruptcy Court, E.D. Missouri, Northern Division.

Aug. 18, 2000.

As Amended Oct. 3, 2000.

Joseph D. Welch, Hannibal, MO, for Debtors.

David A. Sosne, St. Louis, MO, trustee.

Janet I. Blauvelt, Dysart Taylor Lay Cotter & McMonigle, P.C., Kansas City, MO, for Movant.

## ORDER

JAMES J. BARTA, Bankruptcy Judge.

The matter being considered here is the motion of Chrysler Financial Corporation, L.L.C., f/k/a Chrysler Financial Corporation ("Movant") to reconsider an Order dated July 13, 2000 that denied Movant's motion for leave to file a proof of claim out of time. This Order is based on a consideration of distribution requirements in Chapter 7 cases as they apply to the particular circumstances in this case.

In a Chapter 7 case, property of the estate is to be distributed first, in payment of claims specified in Section 507 (Priorities); second, in payment of allowed unsecured claims that were timely filed or that were tardily filed if the holder of the claim did not have notice or actual knowledge of the case in time for timely filing of a proof of such claim, and if proof of such claim is filed in time to permit payment of the claim; third in payment of any allowed unsecured claim proof of which was tardily filed, but the holder of the claim had notice

or actual knowledge of the case in time for timely filing a proof of claim; fourth, in payment of any allowed claim for certain fines, penalties or forfeitures; fifth in payment of interest on any claim paid under the aforementioned categories; and sixth, to the debtor. 11 U.S.C. § 726(a).

In a Chapter 7 case, a proof of claim is deemed allowed unless a party in interest objects. 11 U.S.C. § 502(a).

If an objection is made, the Court shall allow the claim except to the extent that the proof of claim was not timely filed; except that if not timely filed, it may yet be allowed to the extent that it was tardily filed as permitted under Section 726(a) or under the Federal Rules of Bankruptcy Procedure. 11 U.S.C. § 502(b)(9).

In a Chapter 7 case, a proof of claim is timely filed if it is filed not later than 90 days after the first date set for the meeting of creditors, except as to certain entities and in certain conditions that are not present in this matter. Fed. R. Bankr.P. 3002(c).

The Court may enlarge the time for taking action under Rule 3002(c) only to the extent and under the conditions stated therein. Fed. R. Bankr.P. 9006(b)(3). In this matter, the conditions at Rule 3002(c) have not been shown to be present, and the record has suggested no other basis upon which the Court may enlarge the time beyond the original deadline.

On March 8, 2000, the Court gave notice to all creditors and parties in interest listed on the Debtors' matrix that under Rule 3002(c), the last day to file a proof of claim in this Chapter 7 case was fixed as June 6, 2000. The Movant was listed on the Debtors' matrix in care of its Legal Counsel. On March 24, 2000, the Movant was granted relief from the automatic stay to foreclose on the Debtors' motor vehicle.

On June 9, 2000, the Chapter 7 Trustee reported that the value of assets collected exceeded the amount of claims that had been filed, and requested an extension of time for filing claims. On June 14, 2000, notice was given to all creditors and parties in interest that the last day to file a claim to share in the distribution from the estate had been extended to July 31, 2000.

 The Movant filed proof of claim No. 23 on July 7, 2000, after the last day to file a proof of claim as set by Rule 3002(c), but before the second date set by the Court's Order, and before the Trustee had commenced distributions under Section 726. 11 U.S.C. § 726(a)(1). Seventeen creditors had filed timely proofs of claim before the June 6, 2000 deadline under Rule 3002(c). Ten creditors including the Movant filed proofs of claim during the extended period. Except for the categories at Rule 3002(c)(1)–(5), there is no provision in the Bankruptcy Code or Rules for an extension of time to file claims in this Chapter 7 case. The Court's Order that set the date of June 6, 2000 is also a notice that the Trustee has reported that assets available for distribution exceed the amount of allowed claims; that the Trustee has not commenced distributions under Section 726; that a proof of claim may yet be filed in time to permit payment of such claim; and that the Trustee anticipates calculating and making distributions after the date set in the Order. The claims filed during the extended period in this case are tardily filed claims, and are subject to allowance under Section 502, and distribution under Section 726(a)(2)(C) or Section 726(a)(3).

 The Movant was listed by the Debtors as the holder of a prepetition claim. The Court finds that the Movant had notice of the claims filing deadline. In the circumstances presented here, the failure to file a timely proof of claim for the reason that the exact amount of the secured creditors' deficiency was not determined until later, does not annul the Movant's position as a creditor that had notice and actual knowledge of the case. Based on the record before the Court, the claim is subject to allowance and distribution as a tardily filed claim under Section 726(a)(3). The record has not suggested

any other basis to permit the claim to be deemed to have been filed prior to June 6, 2000, the deadline under Rule 3002(c).

**IT IS ORDERED** that the Movant's request to reconsider and set aside the Order dated July 13, 2000 that denied the motion for leave to file a proof of claim out of time is denied; and that if no objections are filed, the claim will be allowed as a tardily filed claim that may be entitled to a distribution under Section 726(a)(3); and that any objection to the allowance of claims filed in this case will be considered separately after notice.